Cancpbell, Chief Justice,
delivered the opinion of the court.
The petition in this case avers that the plaintiffs are the owners of a sailing vessel which was chartered by them to a lumber company for a voyage to Colon, Panama, with a cargo of yellow-pine piling consigned to the Panama Canal at Cris-tobal ; that said Panama Canal was an agency or department of the Government of the United States and the piling for the use and benefit of the United States; that the master signed hills of lading in accordance with the terms of the charter party; that these were accepted by authorized agents of the Government, and that thereby the United ■ States became parties to and were bound by the terms of the charter; that the vessel duly arrived at Cristobal on January 28, 1915, and on January 30, 1915, the “officers and agents of the United States and of the Panama Canal, being bound to assign to said vessel a safe and suitable place for the discharge of her cargo, took the said vessel in charge and with a tugboat commanded and directed by agents and employees of the United States towed said vessel to a place known as Coco Solo, where it was desired and directed that the cargo be discharged ”; that the master of the vessel was not familiar with the said port and made no protest against his vessel being taken to said point for unloading, “which said point was outside the limits of the then existing port of Cristobal and was not a safe and suitable place for the discharge of a cargo for a sailing vessel, a fact with which the agents and officers of the United States were fully conversant, but with which the master of the Blanche C. Pendleton was in entire ignorance.”
It is averred that under the terms of the charter party the United States -\yas bound to furnish to the vessel a safe and suitable place for the discharge of her cargo, and that in taking charge of the berthing of the vessel the agents of the *224 Government, acting for it, entered into an implied agreement that the place would be suitable for that purpose. A copy of the charter party and a copy of the bill of lading are attached to the petition.
While moored at Coco Solo and engaged in discharging her cargo at that point, the vessel encountered a severe storm, and, notwithstanding her master took every precaution and care to prevent injury, and invited aid from the agents of the United States, who had caused the vessel to be moored at that point, she was blown ashore and wrecked on an adjacent ledge or reef, and thereafter was totally destroyed by action of the elements.
It is alleged that the fair and reasonable value of the vessel at the time of her loss was $160,000, and that “ said loss was directly occasioned by acts of the officers of the United States in not furnishing to said vessel a safe and suitable berth for the discharge of her cargo as aforesaid.”
The defendant interposed a demurrer to the petition. This admits the facts well pleaded, but does not admit the plaintiffs’ deductions therefrom nor their conclusions.
The facts averred do not show a contract, express or implied, with the United States. Of an action for damages in cases sounding in tort this court is without jurisdiction (Section 145, Judicial Code). The case made by the petition is one sounding in tort. See Bigby case, 188 U. S., 400; Journal & Tribune Co. case, 254 U. S., 581. See also Section 165, Judicial Code.
The demurrer should be sustained and the petition dismissed, and it is so ordered.
Graham, Judge; Hat, Judge; DowNey, Judge; and Booth, Judge, concur.